**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TARANNUM ARSHAD,**<br>**Petitioner,**<br>**v.**<br>**JOHN TSOUKARIS, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–11876–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Tarannum Arshad's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1) and motion for immediate release (Motion) (ECF No. 6).

1. Petitioner is a citizen of Qatar. (ECF No. 1 ¶ 2.) She entered the United States on a nonimmigrant B2 visa on August 19, 2000. (*Id.* ¶ 3.) The visa expired on February 18, 2001. (ECF No. 5 p. 1.)

2. Immigration and Customs Enforcement (ICE) issued petitioner a notice to appear on June 14, 2004. (ECF No. 1 p. 12.)

3. On February 9, 2010, an immigration judge ordered petitioner removed. (*Id.* p. 18.)

4. Petitioner was detained by ICE on September 10, 2026. (*Id.* ¶ 8.)

5. This Petition followed on September 11, 2026, arguing that petitioner was being unlawfully detained pursuant to 8 U.S.C. §1225(b). (*Id.* ¶56.)

6. Petitioner subsequently filed her Motion asking for immediate release because she was not receiving prescribed medications. (ECF No. 6.)

7. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

8. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

9. Petitioner was ordered removed on February 9, 2010. (ECF No. 1 p. 18.) Petitioner did not appeal that order, (ECF No. 5 p. 1), so her removal order became administratively final on March 11, 2010. 8 C.F.R. § 1241.1(c). The removal period—during which petitioner's detention was mandatory—expired on June 9, 2010.

10. ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

11. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

12. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

13. I conclude that petitioner has not made an initial showing in this matter that her removal is not likely in the reasonably foreseeable future or

that her continued detention would violate his due process rights. I will deny the Petition without prejudice.

14. I will also deny petitioner's Motion.

15. The Motion asserts that noncitizens being detained pursuant to 8 U.S.C. § 1226(a) are not subject to mandatory detention, (ECF No. 6 pp. 2, 3), but petitioner is being detained pursuant to § 1231, not § 1226(a).

16. Furthermore, "[a] conditions-of-confinement claim is cognizable in § 2241 proceedings '*only in extreme cases*.'" *Folk v. Warden Schuylkill FCI*, No. 23–1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (emphasis in original) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020).)

17. Petitioner alleges that she has not been receiving prescribed medication, (ECF No. 6–1 pp. 3, 4, 5.), but she only put one medication on her Delaney Hall intake form, (ECF No. 8 p. 4.) Respondents have indicated that they promptly forwarded petitioner's medication requests to ICE. (*Id.* p. 1.)

18. I conclude that there are no extraordinary circumstances warranting release at this time.

Accordingly,

**IT IS** on this **28th** day of **September 2026** **ORDERED** that:

1. Petitioner's Petition is **DENIED WITHOUT PREJUDICE**.

2. The Motion at ECF No. 6 is **DENIED**.

3. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

4. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**